UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>YAS CARIBE INC. D/B/A FARMACIA CARIMAS, INTERAMERICAN UNLIMITED DRUG INC. D/B/A FARMACIA CARIMAS 2, and AL-TEEN, CORP. D/B/A FARMACIA CARIMAS 3,<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**INJUNCTIVE RELIEF SOUGHT** |

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful sex-based employment practices and to provide appropriate relief to Charging Party Jaraitza Wilkerson Perez ("Charging Party" or "Ms. Wilkerson Perez"). As alleged with greater particularity below, Defendants Yas Caribe Inc. d/b/a Farmacia Carimas, Interamerican Unlimited Drug Inc. d/b/a Farmacia Carimas 2, and Al-Teen, Corp. d/b/a Farmacia Carimas 3 (collectively, "Defendants" or "Farmacia Carimas") violated Title VII of the Civil Rights Act of 1964 by subjecting Ms. Wilkerson Perez to a hostile work environment based on her sex, and by constructively discharging Ms. Wilkerson Perez from her employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII").

1

2. Venue is proper because the events giving rise to Title VII violations occurred in Puerto Rico which is within the jurisdiction of the United States District Court for Puerto Rico, pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Yas Caribe Inc. has continuously done business in Puerto Rico with its principal place of business in Levittown, Puerto Rico.

5. At all relevant times, Defendant Interamerican Unlimited Drug Inc. has continuously done business in Puerto Rico with its principal place of business in Barranquitas, Puerto Rico.

6. At all relevant times, Defendant Al-Teen, Corp. has continuously done business in Puerto Rico with its principal place of business in Toa Baja, Puerto Rico.

7. At all relevant times, Defendants have continuously been doing business in Puerto Rico and have continuously had at least 15 employees.

8. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h)

## CONDITIONS PRECEDENT

9. More than thirty days prior to the institution of this lawsuit, Charging Party Jaraitza Wilkerson Perez filed a charge of discrimination against Farmacia Carimas alleging violations of Title VII.

10. The Commission issued a Letter of Determination on July 12, 2024, finding reasonable cause to believe that Farmacia Carimas subjected Ms. Wilkerson Perez to a sexually hostile work environment and constructively discharged Ms. Wilkerson Perez.

11. Prior to initiating this lawsuit, the Commission attempted to correct the unlawful employment practices alleged herein through conciliation to remedy the discriminatory practices and provide appropriate relief. The Commission was unable to secure a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## **STATEMENT OF FACTS**

13. Defendant Yas Caribe Inc. does business as "Farmacia Carimas 1," a pharmacy store located in Levittown, Puerto Rico.

14. Defendant Interamerican Unlimited Drug Inc. does business as "Farmacia Carimas 2," a pharmacy store located in Barranquitas, Puerto Rico.

15. Defendant Al-Teen, Corp. does business as "Farmacia Carimas 3," a pharmacy store located in Toa Baja, Puerto Rico.

16. Defendants operate as a single or integrated enterprise by virtue of the interrelations of their operations and the centralized control over their labor relations.

17. Defendants all operate the same business and offer the same services to the public as pharmacy stores.

18. Defendants are all owned by Abdullah Yassin.

19. Defendants share the same registered agent, Abdullah Yassin, and the same mailing address.

20. Abdullah Yassin is the President and Secretary of all three Defendants.

21. Defendants all share the same website and a Facebook page, which are respectively located at www.farmaciascarimas.com and www.facebook.com/CarimasPR/.

22. Defendants all share the same written anti-harassment policy and reporting procedure.

23. The anti-harassment policy and reporting procedure requires Defendants' employees to confront their harasser or report harassment to Samira Yassin Hernandez, who upon information or belief is related to Abdullah Yassin and Khalid Yassin.

24. There is no on-site human resources personnel at the Levittown pharmacy store.

25. Khalid Yassin is the nephew of Abdullah Yassin.

26. Khalid Yassin works onsite at all three Farmacia Carimas locations as a manager, overseeing all aspects of operations and labor relations.

27. Upon information and belief, Khalid Yassin has authority to hire, fire, and discipline employees at all three pharmacy locations.

28. Khalid Yassin is the only manager who oversaw operations at the Levittown pharmacy store.

29. Ms. Wilkerson Perez interviewed with Khalid Yassin for a Floor Clerk position at the Levittown pharmacy store on October 10, 2022.

30. During her interview, Khalid Yassin asked Ms. Wilkerson Perez about her relationship status, whether she was married, and whether she had children.

31. Khalid Yassin hired Ms. Wilkerson Perez as a Floor Clerk after the interview and she started working that same day on October 10, 2022.

32. Ms. Wilkerson Perez worked as a Floor Clerk at the Levittown pharmacy store until her constructive discharge on October 31, 2022.

33. During her employment, Defendants never provided Ms. Wilkerson Perez with Defendants' policies on workplace harassment or their procedure for employees to report harassment.

34. Defendants provided a copy of their written anti-harassment policy and reporting procedure to the EEOC during the EEOC's investigation.

35. On two separate occasions, Khalid Yassin repeatedly touched and rubbed Ms. Wilkerson Perez's shoulders while speaking to her.

36. On October 31, 2022, Khalid Yassin repeatedly battered and made sexually charged comments to Ms. Wilkerson Perez during a night-time, closing shift. Specifically:

   i. While walking through the pharmacy aisles with Ms. Wilkerson Perez and speaking to her about her job performance, Khalid Yassin grabbed Ms. Wilkerson Perez by the neck with both hands, and forcibly bent her towards the floor. Khalid Yassin pulled her back off the floor, then laughed and made a strangulation gesture towards Ms. Wilkerson Perez.

   ii. Khalid Yassin stopped Ms. Wilkerson Perez from fixing her ponytail and instructed her to wear her hair down at work.

   iii. Khalid Yassin grabbed Ms. Wilkerson Perez around the waist causing Ms. Wilkerson Perez to fall to the floor trying to get away from him. Khalid Yassin, who is much bigger than Ms. Wilkerson Perez, grabbed Ms. Wilkerson Perez, picked her up off the floor, grabbed her from behind, and began kissing Ms. Wilkerson Perez's neck.

   iv. Khalid Yassin pressed his body against Ms. Wilkerson Perez and rubbed his genitals against her body. Khalid Yassin kissed her, even after she told him not to.

    v.    Khalid Yassin touched Ms. Wilkerson Perez's neck again and she managed to step out of his grasp. Khalid Yassin became visibly angry and told her that he was only "joking" and that she had "allowed him to kiss her."

37. When Ms. Wilkerson Perez was able to walk to the door to leave the store, Khalid Yassin stopped her, grabbed her arm and told her to remember to wear her hair down.

38. Ms. Wilkerson Perez did not know to whom, within the Defendants' company, she could report the incident because she had not been informed of any policies or reporting procedures.

39. Later that night, Ms. Wilkerson Perez reported the incident to the police.

40. In early November of 2022, Ms. Wilkerson Perez obtained a protective order against Khalid Yassin.

41. Ms. Wilkerson Perez was compelled to resign from her job because: of the severity of the battery and sexually charged conduct to which Khalid Yassin subjected her, Defendants had not told her how to report the incident internally, Khalid Yassin was the only manager at the location where she worked, she would have to be with Khalid Yassin at night during closing, and Khalid Yassin is the nephew of Defendants' owner.

42. As a result of the sexual hostile work environment she endured and her constructive discharge, Ms. Wilkerson Perez was harmed and suffered damages.

## STATEMENT OF CLAIMS

### Count 1: Hostile Work Environment (Jaraitza Wilkerson Perez)

43. As set forth in Paragraphs 13 through 42, Defendants engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Ms. Wilkerson Perez to a sexually hostile work environment.

44. The effect of the practices complained of in Paragraphs 13 through 42 has been to affect the terms and conditions of employment for Ms. Wilkerson Perez with Defendants and to deprive her of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex.

45. The unlawful employment practices complained of in Paragraphs 13 through 42 were intentionally done with malice and/or reckless indifference to Ms. Wilkerson Perez's federally protected rights.

### Count 2: Constructive Discharge (Jaraitza Wilkerson Perez)

46. As set forth in Paragraphs 13 through 42, Defendants engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by constructively discharging Charging Party Wilkerson Perez.

47. The effect of the practices complained of in paragraphs 13 through 42 has been to affect the terms and conditions of employment for Charging Party Wilkerson Perez with Defendants and to deprive her of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex.

48. The unlawful employment practices complained of in Paragraphs 13 through 42 were intentionally done with malice and/or reckless indifference to the federally protected rights of Ms. Wilkerson Perez.

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

49. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, managers, employees, and all persons in active concert or participation with them, from

participating in discriminatory conduct based on sex including, but not limited to, subjecting employees to sexually hostile work environment and/or constructively discharging employees;

50. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees, and which eradicate the effects of their past and present unlawful employment practices;

51. Order Defendants to make Charging Party whole by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices including but not limited to reinstatement and/or front pay;

52. Order Defendants to make Charging Party whole, by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

53. Order Defendants to pay Charging Party punitive damages for their malicious and reckless conduct described above, in amounts to be determined at trial;

54. Grant such further relief as the Court deems necessary and proper in the public interest; and

55. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated:  September 23, 2024                                        Respectfully submitted,

KARLA GILBRIDE
General Counsel

U.S. Equal Employment
Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507

KRISTEN M. FOSLID
Regional Attorney
Florida Bar No. 688681
Kristen.foslid@eeoc.gov

BEATRIZ BISCARDI ANDRE
Assistant Regional Attorney
New York Bar No. 4394599
Beatriz.andre@eeoc.gov

U.S. Equal Employment
Opportunity Commission
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, FL 33131

*/s/ Melissa M. Castillo*
Melissa M. Castillo
Trial Attorney
Florida Bar No. 1025338
U.S. Equal Employment
Opportunity Commission
Tampa Field Office
501 E Polk Street, Suite 1000
Tampa, FL 33602
Melissa.castillo@eeoc.gov